a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JESUS RODRIGUES BARRIENTES #98387-079, Petitioner | CIVIL DOCKET NO. 1:23-CV-00773 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WARDEN U S P POLLOCK, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Jesus Rodrigues Barrientes ("Barrientes"). Barrientes is a prisoner at the United States Penitentiary in Pollock, Louisiana. He challenges a sentence imposed in the United States District Court for the Southern District of Texas. ECF No. 1.

Because Barrientes cannot show that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, his Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

I. Background

Barrientes pleaded guilty to possession with intent to distribute 1.6 kilograms of heroin. *United States v. Barrientes*, 7:11-CR-01380 (S.D. Tex). On June 23, 2015, he was sentenced to 262 months of imprisonment. *Id.* at ECF No. 227.

Barrientes filed a Motion for Compassionate Release in 2019, which remains pending before the sentencing court. ECF No. 1 at 6.

Barreintes seeks relief under § 2241 through the savings clause of § 2255(e) because he claims he is "actually innocent of the 851 and career offender enhancements." ECF No. 1 at 6.

## II.  Law and Analysis

A § 2241 petition and a motion under § 2255 are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "Section 2255 provides the primary means of collaterally attacking a federal sentence and is the appropriate remedy for errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (internal quotation marks and citations omitted). In contrast, § 2241 is the proper procedural vehicle by which a petition may "attack[ ] the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack*, 218 F.3d at 451. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id.* at 452.

Barrientes challenges the imposition, not execution, of his sentence. Therefore, his claim must be raised in a § 2255 motion. Although "[i]n 'extremely limited circumstances,' federal prisoners may seek postconviction relief through a § 2241 petition instead of a § 2255 motion" pursuant to the "so-called 'savings clause' of § 2255(e)," *Hammoud v. Ma'at*, 49 F.4th 874, 879 (5th Cir. 2022) (en banc) (quoting *Pack*, 218 F.3d at 452), the Supreme Court has recently recognized in *Jones v.*

*Hendrix*, 599 U.S. 465 (2023), that such recourse is available only "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Arellano v. Withers*, 2023 WL 4311621, at *1 (5th Cir. 2023).

Barrientes claims that he is actually innocent of sentencing enhancements under a "new interpretation of statutory law." ECF No. 1 at 5. He relies on the requirements outlined in *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). ECF No. 1-2 at 7. However, that case has been abrogated by *Jones*. A more favorable interpretation of statutory law adopted after a petitioner's conviction or § 2255 motion does not make a motion to vacate inadequate or ineffective to test the legality of detention such that he may proceed under § 2241. *See Jones,* 599 U.S. at 469-70.

Barrientes has identified no unusual circumstances making it impossible or impracticable to seek relief in the sentencing court.

## III. Conclusion

Because Barrientes cannot obtain relief under § 2241, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

3

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, September 22, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE