U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV - 2 2023

TONY R. MOORE, CLERK
BY: _____
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JESUS RODRIGUES BARRIENTES** **#98387-079,** **Petitioner** | **CIVIL DOCKET NO. 1:23-CV-00773** **SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN U S P POLLOCK,** **Respondent** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## OBJECTIONS TO REPORT AND RECOMMENDATION

COMES Petitioner, Jesus Rodrigues Barrientes ("Barrientes"), appearing *pro se,* and files

his Objections to Report and Recommendation, and would show as follows:

### PRELIMINARY STATEMENT

As a preliminary matter, Barrientes respectfully requests that this Court be mindful that *pro*

*se* pleadings are to be construed liberally. See *United States v. Kayode*, 777 F.3d 719 (5th Cir. 2014)

(*Pro se* pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers,

and should therefore be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

### OBJECTIONS

The Magistrate's Report and Recommendation ("R & R") is divided into three (3) main

sections: (I) Background; (II) Law and Analysis; and (III) Conclusion. Barrientes will sequentially

object as needed to each main section as follows:

### I.     **Background**

The Magistrate opening of the R & R states that Barrientes § 2241 Petition should be

dismissed for lack of jurisdiction. Barrientes objects for the reasons that follow below and the

reasons previously stated in his § 2241 Petition and Memorandum of Law in Support.

Barrientes does not object or take exception to the Background section of the R & R.

## II.   **Law and Analysis**

In reply to the Magistrate Judge's recommendation, Barrientes objects to the conclusion that he should pursue his claim through a § 2255 motion rather than a § 2241 petition as follows:

### A.   Misinterpretation of Barrientes' Claim

The Magistrate Judge appears to have misunderstood the nature of Barrientes' claim. The R & R asserts that Barrientes challenges the imposition, not the execution, of his sentence. However, Barrientes claims he is actually innocent of sentencing enhancements based on a "new interpretation of statutory law." This, in essence, he challenges the validity of his sentence. Therefore, Barrientes' claim should not be categorically dismissed as an issue with the execution of his sentence. It relates to the fundamental legality of his detention.

### B.   Applicability of Jones v. Hendrix

The Magistrate Judge relies on *Jones v. Hendrix*, decided by the Supreme Court in 2023, to argue that a more favorable interpretation of statutory law adopted after a petitioner's conviction does not make a § 2255 motion inadequate or ineffective. However, this is a misapplication of *Jones*. *Jones* is not directly applicable to Barrientes' case because it is about a different set of circumstances. Barrientes claims he is actually innocent due to a "new interpretation of statutory law," which presents unique and unusual circumstances not addressed in *Jones*. Therefore, it is premature to dismiss Barrientes' claim solely based on *Jones*. Jones is also inapplicable because the U. S. Supreme Court has not declared *Jones* retroactive to cases on collateral review.

### C.    The Savings Clause and Unusual Circumstances

The Magistrate Judge mentions the "savings clause" of § 2255(e). under the "savings

clause" of § 2255(e), he may file a § 2241 habeas petition if § 2255 is "inadequate or ineffective to

test the legality of his detention." Section 2255 is "inadequate or ineffective" if:

(1) the [§ 2241 ] petition raises a claim "that is based on a retroactively applicable Supreme Court

decision"; (2) the claim was previously "foreclosed by circuit law at the time when [it] should have

been raised in petitioner's trial, appeal or first § 2255 motion"; and (3) that retroactively applicable

decision establishes that "the petitioner may have been convicted of a nonexistent offense." *Garland*

*v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (quoting Reyes *– Requena v. United States* , 243 F.3d 893,

895 (5th Cir. 2001) ). While the judge refers to *Hammoud v. Ma'at* for the definition of these

circumstances, they fail to properly analyze whether Barrientes' case meets the standard. If

Barrientes can show that there are unusual circumstances that make it impossible or impracticable

to seek relief in the sentencing court, he may be entitled to pursue his claim under § 2241. The

Magistrate Judge does not adequately address this requirement in the recommendation.

### D.    Procedural Hurdles

The recommendation dismisses the § 2241 petition without a more detailed analysis of

Barrientes' situation, which could potentially hinder his ability to raise legitimate claims. Denying

Barrientes the opportunity to have his claim heard under § 2241 may deprive him of his right to a

fair and just legal process. It is essential to conduct a more thorough examination of Barrientes' case

to determine whether he indeed falls within the "extremely limited circumstances" under which a

§ 2241 petition is appropriate.

In conclusion, the Magistrate Judge's recommendation would prematurely dismiss Barrientes' § 2241 petition without adequately considering the unique circumstances surrounding his claim and the potential applicability of *Jones v. Hendrix*, which has not been declared retroactive. The nature of Barrientes' claim should be further examined, and it should not be summarily categorized as an issue of execution rather than imposition of his sentence. Barrientes deserves a fair opportunity to have his case heard in accordance with the law and should not be denied that opportunity without a thorough analysis of the specific circumstances of his case.

### III.   Conclusion

The R & R concludes by recommending that Barrientes' Petition (ECF No. 1) be dismissed without prejudice for lack of jurisdiction. Barrientes objects for the reasons above and the reasons previously stated in his § 2241 Petition and Memorandum of Law in Support. He states that his petition should be granted and he should be sentenced without the § 851 and career offender enhancements.

Respectfully submitted,

Dated: October 31, 2023

JESUS RODRIGUES BARRIENTES
REG. NO. 98387-079
USP POLLOCK
U.S. PENITENTIARY
P.O. BOX 2099
POLLOCK, LA 71467
Appearing *Pro Se*

4

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV - 2 2023

TONY R. MOORE, CLERK
BY: _____
      DEPUTY

JESUS RODRIGUES BARRIENTES
REG. NO. 98387-079
USP POLLOCK
U.S. PENITENTIARY
P.O. BOX 2099
POLLOCK, LA 71467

October 31,  2023

Mr. Tony R. Moore
Clerk of Court
U.S. District Court
Western District of Louisiana
Alexandria Division
515 Murray Street, Suite 105
Alexandria, Louisiana 71301

      RE:    *Barrientes v. Warden, USP Pollock*
              Civil No. 1:23-cv-00773-TAD-JPM
              Crim No. 7:11-cr-01380-1

Dear Mr. Moore:

      Enclosed please find and accept for filing Petitioner's Objections to Report and Recommendation of the United States Magistrate Judge. Please submit this motion to the Court.

      Thank you for your assistance in this matter.

                Sincerely,

                JESUS RODRIGUES BARRIENTES
                Appearing *Pro Se*

*Encl. as noted*